```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THE TRAVELERS INDEMNITY COMPANY,                            :
et al.,                                                     :
                                    Plaintiffs,             :    16 Civ. 8778 (LGS)
                                                            :
              -against-                                     :    ORDER
                                                            :
NORTHROP GRUMMAN CORPORATION, et                            :
al.,                                                        :
                                    Defendants.             X
------------------------------------------------------------
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letter, dated April 16, 2020, Northrop Grumman ("NG") requests to file under seal its response to Travelers' pre-motion letter, dated April 3, 2020. It is hereby

**ORDERED** that NG's letter motion is GRANTED. The letter filed under seal at Dkt. No. 322 shall remain under seal and accessible only to the attorneys identified by NG in the appendix to its letter motion at Dkt. No. 320. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The proposed redactions and sealed filing are narrowly tailored and necessary to prevent unauthorized dissemination of confidential or prejudicial business information.

The parties are advised that the Court retains discretion whether or not to afford confidential treatment to the sealed content in any order or proceeding.

The Clerk of Court is respectfully directed to close Dkt. No. 320.


Dated: April 17, 2020
       New York, New York