**Via ECF**                                                                                                    October 11, 2020

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *The Travelers Indem. Co., et al. v. Northrop Grumman Corp., et al.*,
             Case No. 16-civ-8778-LGS [rel. 1:12-cv-03040-KBF]

Dear Judge Schofield:

Pursuant to the Court's October 4, 2021 Order, ECF 431, we write on behalf of Travelers Indemnity Company ("Travelers"), Northrop Grumman Corporation ("NG"), and Century Indemnity Company ("Century") (collectively, "the Parties"), to advise the Court regarding (i) whether there remain outstanding claims on any policies that do not contain a qualified pollution exception ("QPE"), and (ii) proposed next steps on how this action should proceed.

**Policies That Do Not Contain A QPE:** Following the Court's Opinion and Order granting Travelers' motion for summary judgment (ECF 430), the Parties agree that there are outstanding claims regarding the following policies that do not contain a QPE:

Travelers Policies: T-CUP-932209-68 (1/1/1968-1/1/1969); T-CUP-932209-69 (1/1/1969-1/1/1970); T-CUP-932209-70 (1/1/1970-1/1/1971); T-CUP 932209-71 (1/1/1971-1/1/1972).

Century Policies: 9 CGL 52305 M (1/1/1955-1/1/1956); 9 CGL 72518 M (1/1/1956-1/1/1957); 9 CGL 84727 (1/1/1957-1/1/1958); 9 CGL 96324 (1/1/1958-1/1/1959); 9 CGL 107602 (1/1/1959-1/1/1960); 9 CGL 122273(1/1/1960-1/1/1961); 9 CGL 175064 (1/1/1961-1/1/1962); XPL 3500 (11/27/1950-1/1/1951); XPL 3506 (1/1/1951-1/1/1963).[1]

**NG's Proposed Next Steps (Written by NG):** NG previously requested to file duty to defend motions against Century and Travelers. *See* ECF 179, 318, 319. The Court denied these requests and entertained other motions. In May 2020 (ECF 330), the Court directed NG to hold its two motions "in abeyance" pending resolution of Travelers' summary judgment motion, which the Court has now resolved. NG thus will request leave to file two summary judgment motions seeking declarations that Century and Travelers each owe NG a duty to defend the *Romano* suit. NG's letters will explain that these issues are ripe and proper for summary adjudication, and that NG is entitled to a complete defense from each insurer as a matter of law based on undisputed facts. Re-opening of discovery concerning *Romano* as Century plans to request is neither necessary to resolve NG's motions, nor is it warranted. Century twice successfully opposed NG's motions to stay discovery (ECF 43, ECF 113), and the Court permitted Century to conduct all of the discovery it requested and to file its late notice summary judgment motion. The Court

---

[1] Also remaining at issue are Century's alleged obligations under policies effective 1/1/1951 to 1/1/1955 and 1/1/1962 to 1/1/1968, as to which no party has located a complete copy but whose terms and conditions NG believes were proven in discovery. As to Travelers, the listing above is without prejudice to NG's prior arguments that two policies were issued with the second being a multi-year policy renewed each year.

denied the motion, holding that fact disputes existed for trial, *not* that Century was entitled to additional discovery and yet another motion. ECF 275. There is no legitimate basis upon which to grant Century a motion redo, particularly because NG has not yet been permitted to file its motion regarding Century's defense obligations.

There is no need for the Court to address Century's contention that further litigation of the NRD claim under Century's policies is precluded due to the absence of a cross-claim against it by NG, as NG advised Century that it intends to file a duty to defend motion as to *Romano*. Apparently, Century wants the Court to order NG to amend its answer (a request that has no basis), but then reserve the right to challenge the propriety of such amendment, while at the same time taking discovery on the NRD claim. This is nonsensical and improper. There is no legitimate justification for any such discovery. Century's request for such discovery, and Travelers' agreement that discovery proceed before any NG motions are filed, is an attempt to delay adjudication of the insurers' duty to defend the *Romano* suit.[2]

Consistent with Your Honor's Individual Rules and Procedures, NG intends to file pre-motion letters in the near term, and suggests it would be most beneficial for the Court and the Parties to have the benefit of the Parties' pre-motion letters and responses should the Court deem a pre-motion conference necessary.

**Travelers' and Century's Proposed Next Steps (Written by Travelers and Century):**
Travelers' position is that the only issue remaining as to Travelers is whether umbrella policies in effect between January 1, 1968 and January 1, 1972 afford coverage for the *Romano* suit. Pursuant to this Court's late notice and pollution exclusion decisions (ECF 274, and 430), coverage is not available under any Travelers policy for the Natural Resource Damage claim. If NG is granted leave to file its requested duty to defend motion against Travelers, Travelers would seek to cross-move for summary judgment seeking a declaration that (i) there is no duty to defend NG against the *Romano* suit under the 1968-1972 umbrella policies, and (2) to the extent any such a duty exists, Travelers' obligation is limited to participating in the defense on a *pro rata* basis. Travelers' pre-motion letter will explain that Travelers has no defense obligation under the umbrella policies as a matter of law because, *inter alia*, insurance was afforded by underlying policies and the underlying policies' limits are not exhausted, a prerequisite to a response by the umbrella policies. To the extent NG contends that a duty to defend is or was owed under certain policies with pollution exclusions that were the subject of the Court's September 17, 2021 decision, Travelers would seek a further declaration that no such defense is owed because the decision establishes that Travelers did not have a duty to defend under policies with pollution exclusions from the outset of the claims' tender.

It is Century's position that NG is precluded from further litigation of the NRD claim against Century. The Court based its prior ruling allowing Century's motion for summary judgment to proceed, in part, on the fact that there was a valid allocation claim asserted by Travelers against Century to which Century's late notice defense is relevant. (ECF 275 at 8-9) Now that all of Travelers' policies have been dismissed as to the NRD claim, there is no longer any such

---

[2] The Court's order, ECF 431, asked the Parties to identify "outstanding claims on any policies that do not contain a qualified pollution exception." NG believes that under certain Travelers' policies containing QPEs, Travelers is liable for defense costs NG incurred before the Court's recent ruling. NG in its letter will seek the Court's guidance regarding the scope of its latest ruling in light of NG's position.

2

allocation claim against Century with respect to the NRD claim.  Therefore, there is no cause of action against Century as to the NRD claim.  In order to pursue its NRD claim against Century, NG must seek leave to amend its answer to assert a cross-claim.  If NG's answer is allowed to be amended, Century would have the opportunity to answer the cross-claim and take discovery on the NRD claim, which has not yet occurred in the course of this litigation.

With respect to the *Romano* suit, consistent with the Court's ruling on Century's summary judgment motion on late notice (ECF 275 at 12-13), a "more developed evidentiary record" is necessary to determine whether NG provided timely notice of occurrence as is required as a condition to coverage.  Further discovery would focus on the nature of the *Romano* suit and the alleged exposures in order to resolve the late notice issue.  A ruling in Century's favor on this issue would obviate the need for the Court to rule on any potential defense obligation with respect to Century.  In light of NG's prejudice concerns over *Romano*-related discovery, Century would be open to staying this action with respect to coverage for the *Romano* suit until the *Romano* litigation is resolved.

Consequently, Travelers and Century believe the most logical order of business is: (1)  NG should move for leave to assert a cross-claim against Century as to the NRD claim, (2) if the cross-claim is allowed, Century should be allowed to take discovery on the NRD claim to address over-arching late notice issues, (3) once the NRD notice issues between Century and NG are resolved, NG could then file a motion on the duty to defend the *Romano* claim, and (4) Travelers and Century could file cross-motions on the duty to defend.

Given the differing perspectives on next steps, Travelers and Century suggest that it may be beneficial for the Court and the parties to have a status conference on how the Court would prefer to structure the next stage of the proceedings.

Respectfully submitted,

| SIMPSON THACHER & BARTLETT LLP | COVINGTON & BURLING LLP |
|---|---|
| By:/s *Mary Beth Forshaw* | By:/s *Georgia Kazakis* |
| Mary Beth Forshaw | Georgia Kazakis |
| Lynn K. Neuner | Daniel L. Russell Jr. |
| Summer Craig | One CityCenter |
| 425 Lexington Avenue | 850 Tenth Street, NW |
| New York, New York 10017-3954 | Washington, DC 20001-4956 |
| Tel.: (212) 455-2000 | Tel: (202) 662-6000 |
| Fax: (212) 455-2502 | gkazakis@cov.com |
| mforshaw@stblaw.com | drussell@cov.com |
| lneuner@stblaw.com | |
| scraig@stblaw.com | |
| *Attorneys for Plaintiffs The Travelers Indemnity Company and The Travelers Indemnity Company of Connecticut* | *Attorneys for Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation* |

WHITE & WILLIAMS LLP

By: /s *Shane R. Heskin*
    Shane R. Heskin
    Robert F. Walsh
    1650 Market Street
    One Liberty Place, Suite 1800
    Philadelphia, PA 19103-7395
    Tel: (215) 864-6329
    Fax: (215) 399-9603
    heskins@whiteandwilliams.com
    walshr@whiteandwilliams.com

*Attorneys for Nominal Defendant Century Indemnity Company, eventual successor in interest to Insurance Company of North America*