UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                          :
THE TRAVELERS INDEMNITY CO., et al.,       :
                                Plaintiff,    :
                                                    :          16 Civ. 8778 (LGS)
                   -against-                  :
                                                      :              **ORDER**
NORTHROP GRUMMAN CORP., et al.,          :
                                Defendants.   :
                                                      :
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, the Opinion and Order dated September 23, 2022 (the "Opinion") resolved the parties' cross-motions for summary judgment on whether the Insurers have a duty to defend Grumman in the *Romano* Lawsuit, granting Travelers' motion, and denying Century's and Grumman's motions.[1]

       WHEREAS, as requested, the parties proposed next steps in this action. The parties agreed that there are outstanding issues to be resolved regarding Century's defense and indemnity obligations, if any, and Travelers' indemnity obligations, if any for the *Romano* Lawsuit. The parties further agreed that the threshold question of whether Grumman provided timely notice of occurrence to Century under the Century primary policies should be addressed next in this litigation. Century also proposed to mediate the issue with Grumman. Travelers, and Century in the alternative, proposed a stay pending the resolution of underlying factual issues in the *Romano* Lawsuit, while Grumman proposed an evidentiary hearing in this lawsuit. For substantially the reasons stated by Travelers and Century, the Order dated October 12, 2022 (the "Order") stayed the action until a final judgment is entered in the underlying *Romano* lawsuit and the time for appeals in that action have expired.

---

[1] All capitalized terms herein have the same meaning as prescribed in the Opinion.

WHEREAS, on October 26, 2022, Grumman moved for reconsideration of the Order staying the action.  Grumman asserts that (1) the Order contradicts New York insurance law mandating that the occurrences and accidents underlying *Romano* be identified based on the allegations in the *Romano* complaint, not exposure facts proven through evidence adduced in that case and (2) that the Order cannot be reconciled with two prior Court orders refusing to stay this case based on Travelers' and Century's argument that their notice defenses can and should be resolved without regard to any overlap with *Romano*.  Grumman argues that the Court instead should conduct an evidentiary hearing to identify the relevant set of occurrences, at which Grumman would submit "unrebutted testimony from [Grumman's] expert" and present testimony of insurer witnesses.  Grumman agrees indemnity issues should be stayed in the meantime.

WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal citation omitted).  A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v.*

*Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, the motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170. Grumman, in substance, restates its position from the October 5, 2022, letter, supplemented with the argument that "[t]his Court has twice denied motions to stay in this case." Such issues and facts were before the Court in connection with the Order. For that reason, reconsideration is denied.

WHEREAS, Grumman seeks, in lieu of a stay, an evidentiary hearing to identify the relevant set of occurrences in *Romano* -- that is, based on the allegations in the *Romano* complaint, not exposure facts proven through evidence adduced in that case. But under this proposal, Grumman would submit evidence that was previously determined to be insufficient to identify the occurrence(s) at issue. The opinion dated September 26, 2019, which was based on years of discovery ending in 2018, held that "[a] more developed evidentiary record is needed to resolve whether each *Romano* plaintiff's exposure to the contaminations is a unique 'occurrence,' or whether groups of plaintiffs were exposed at nearly the same time and in the same place, therefore warranting some aggregation." *Travelers Indem. Co. v. Northrup Grumman Corp.*, 416 F. Supp. 3d 290, 299 (S.D.N.Y. 2019). Discovery has long concluded, and the evidentiary record is closed. Grumman's proposal to rehash the issue in a post-summary judgment hearing amounts to an improper attempt to have the Court reconsider its previous decisions.

Grumman further argues that the Order violates the law of the case and judicial estoppel doctrines. Grumman contends that "the Order cannot be reconciled with two prior Court orders refusing to stay this case based on the Insurers' argument that their notice defense can and should

3

be resolved without regard to any overlap with *Romano*." The argument is unpersuasive. The orders referenced by Grumman date back to 2017 and 2018. The first was issued on January 31, 2017, prior to the parties taking substantial discovery, which began on February 2, 2017 and ended on August 30, 2018. The second was issued on June 6, 2018, prior to the Court's five summary judgment opinions, the earliest of which is dated September 20, 2019. Whether to stay the case at this stage, following the close of discovery and substantial motion practice, presents an entirely different question. The Court's decision, in light of the circumstances and the parties' proposals, is not disturbed by either the law of the case or judicial estoppel. It is hereby

**ORDERED** that Grumman's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 470.

Dated: December 2, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**